IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY J. SCHOLL, JR., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:25-cv-06257-JDW |
| | : | |
| LAUREL HARRY, et al., | : | |
|     Defendants. | : | |

**ORDER**

AND NOW, this 17th day of December, 2025, upon consideration of Plaintiff Anthony J. Scholl, Jr.'s Motion to Proceed In Forma Pauperis (ECF No. 1) and Prisoner Trust Fund Account Statement (ECF No. 3), it is **ORDERED** that the Motion is **GRANTED**. Anthony J. Scholl, Jr., #LS-8801, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.

The Superintendent of SCI Phoenix or other appropriate official shall assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mr. Scholl's inmate account; or (b) the average monthly balance in Mr. Scholl's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Mr. Scholl's inmate trust fund account exceeds $10, the Warden or other appropriate official shall forward payments to the Clerk Of Court equaling 20% of the preceding month's income credited to Mr. Scholl's inmate

account until the fees are paid. Each payment shall refer to the docket number for this case.

The Clerk Of Court shall send a copy of this order to the Superintendent of SCI Phoenix.

It is **FURTHER ORDERED** that, for the reasons stated in the accompanying Memorandum, the Complaint is **DEEMED** filed and **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as follows:

    a.    All official capacity claims for money damages; any claim against J. Terra based on his handling of a grievance; all claims against Mr. Zaken and Executive Deputy Secretary Michael Wenerowicz based on Mr. Scholl's initial placement on the RLL; and all Eighth Amendment claims involving inmate pay, contact visits, the use of telephones, and the ability to make purchases are **DISMISSED WITH PREJUDICE**; and

    b.    Mr. Scholl's Eighth Amendment claim based on strip searches; the First Amendment and RLUIPA claims; the excessive force claims; and all claims against Secretary of Corrections Laurel Harry, Correctional Officers King, Stevenson, Clausen, and Ellard, and "Pysch Dr. Glashakow" are **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court shall **TERMINATE** Mr. Zaken and Executive Deputy Secretary Michael Wenerowicz as Defendants.

The Motion For Appointment Of Counsel (ECF No. 4) is **DENIED WITHOUT PREJUDICE** as premature.

It is **FURTHER ORDERED** that Mr. Scholl may file an amended complaint on or before January 16, 2026. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Mr. Scholl's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Mr. Scholl should be mindful of my reasons for dismissing the claims in his initial Complaint as explained in the accompanying Memorandum. **Mr. Scholl may not reassert a claim that I have dismissed with prejudice.** Upon the filing of an amended complaint, the Clerk shall not make service until I so order.

The Clerk Of Court shall send Mr. Scholl a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the civil action number for this case. Mr. Scholl may use this form to file his amended complaint if he chooses to do so.

If Mr. Scholl does not seek to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court on or before January 16, 2026, stating that intent, at which time I will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.

If Mr. Scholl fails to file any response to this Order, I will conclude that Mr. Scholl intends to stand on his Complaint and will issue a final order dismissing this case.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**